UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
RONALD HUDSON,

                 Petitioner,

    - against -

ADA PEREZ,

                 Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-1-14

12 Civ. 9149 (PAC) (GWG)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 30, 2012, *pro se* Petitioner Ronald Hudson ("Hudson") filed a 28 U.S.C. § 2254 petition challenging his May 2009 conviction of criminal sale of a controlled substance in the first degree and sentence to fifteen years imprisonment. On January 22, 2013, the Court referred the matter to Magistrate Judge Gabriel W. Gorenstein. Respondent opposed the petition for a writ of habeas corpus on April 3, 2013. Hudson filed a reply on April 25, 2013.

On September 17, 2013, Magistrate Judge Gorenstein issued a Report and Recommendation ("R&R") that Hudson's petition should be denied. *See* ECF No. 12. First, Judge Gorenstein found that Hudson's conviction was supported by sufficient evidence because "[a] rational jury could have found that the testimony of the officers, the videotapes, and the cell phone records connected Hudson to the [drug] sale beyond a reasonable doubt." *Id.* at 17. Second, Judge Gorenstein concluded that the state court did not abuse its discretion by allowing a detective to describe events he witnessed in video surveillance tapes and how those tapes impacted his investigation. *Id.* at 20. Since the testimony was not offered for the truth but to explain the detective's actions, and a limiting instruction was given, there was no error. *Id.* at 20-21. Third, Judge Gorenstein found that the state court did not abuse its discretion by admitting into evidence an exhibit reproducing information from co-defendant Robert St.

Hilaire's cell phone. *Id.* at 21-22. According to the R&R, the evidence was not offered for its truth and was subject to a proper limiting instruction. In any event, the evidence was not testimonial and therefore did not violate the Confrontation Clause. *Id.* at 22. As a result, Judge Gorenstein held that the state court's adjudication did not result in a decision that was contrary to clearly established federal law or based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d). Judge Gorenstein therefore recommended that the Court deny Hudson's petition.

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the R&R to which no timely objection has been made, so long as there is no clear error on the face of the record. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). After being served with a copy of Magistrate Judge Gorenstein's recommended disposition, Hudson had fourteen days to file specific written objections to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Hudson's failure to file timely objections to the R&R results in waiver of those objections. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985). Thus, the Court reviews the R&R for clear error. Having found none, the Court hereby adopts the R&R in full.

Accordingly, Hudson's petition is DENIED. Pursuant to 28 U.S.C 1915(a), any appeal from this order would not be taken in good faith and therefore no certificate of appealability should be issued. The Clerk of Court is directed to enter judgment and to close this case.

Dated: New York, New York
      April 1, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies mailed by chambers to:

Ronald Hudson
09A3652
Downstate Correctional Facility
Red Schoolhouse Road
Box F
Fishkill, NY 12524